ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

June 30, 2008

The Honorable Hector M. Lozano
Frio County Attorney
500 East San Antonio Street
Box 1
Pearsall, Texas 78061-3100

Opinion No. GA-0638

Re: Whether, without the approval of the commissioners court, a county clerk may supplement her deputies' salaries with money from the clerk's records management and preservation fund (RQ-0659-GA)

Dear Mr. Lozano:

You ask several questions about the use of the county clerk's records management and preservation fund and the disposition of a records management and preservation fee collected under the Code of Criminal Procedure.[1] Five of your questions pertain to the county clerk's records management and preservation fee collected under Local Government Code sections 118.011(b)(2) and 118.0216, and three pertain to the records management and preservation fee collected under Code of Criminal Procedure article 102.005(f). *See* Request Letter, *supra* note 1, at 2–3; *see also* TEX. CODE CRIM. PROC. ANN. art. 102.005(f) (Vernon 2006) (requiring a defendant to pay a $25 records management and preservation fee); TEX. LOC. GOV'T CODE ANN. §§ 118.011(b)(2) (Vernon 2008) (authorizing a county clerk to collect a records management and preservation fee of $5 or less), 118.0216(a), (d) (detailing the use of the county clerk's records management and preservation fee), 203.003(5)–(6) (requiring a county commissioners court to establish both (1) a county clerk records management and preservation fund and (2) a records management and preservation fund for fees collected under Code of Criminal Procedure article 102.005(d)). We will first discuss the fee collected under Local Government Code sections 118.011(b)(2) and 118.0216.

I.     The County Clerk's Records Management and Preservation Fee

Local Government Code section 118.011(b)(2) expressly authorizes a county clerk to set and collect a fee of not more than $5 for non-court-related services "from any person" for records management and preservation. TEX. LOC. GOV'T CODE ANN. § 118.011(b)(2) (Vernon 2008). Section 118.0216 of the same code states that the fee, which "must be paid at the time" a document is filed, "is for the records management and preservation services" that the county clerk performs

---

[1]*See* Letter from Honorable Hector M. Lozano, Frio County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 2–3 (Dec. 27, 2007) (on file with the Opinion Committee, *also available at* http://www.texasattorneygeneral.gov) [hereinafter Request Letter].

"after the filing and recording of a document in the records" of the clerk's office. *Id.* § 118.0216(a)–(b). Section 118.0216(d) further provides that "[t]he fee may be used only to provide funds for specific records management and preservation, including for automation purposes."[2] *Id.* § 118.0216(d). The fees must be deposited into "a county clerk records management and preservation fund" that the county commissioners court has established under Local Government Code section 203.003(5),[3] and the county commissioners court must "approve in advance any expenditures from" the county clerk's records management and preservation fund. *Id.* § 203.003(5).

You indicate that the Frio County Clerk's records management and preservation fund has accumulated "a cash reserve of $50,000.00[-]plus." Request Letter, *supra* note 1, at 1. You state, "It appears that the only use of those funds in recent years [has] been to 'supplement' salaries for the County Clerk's office." *Id.* You explain:

> [The] Frio County Commissioners Court has set the annual salary for the County Clerk and for each of her 3 deputy clerks. . . . Aside from the deputy clerk's monthly salary, the County Clerk requests extra compensation, as either salary enhancements or payroll supplements, for her deputies to be paid out of the Records Management [and Preservation] Fund. . . . This written request is directed to [the] Frio County Treasurer[,] who in turn cuts . . . a supplement check . . . . Neither [the county clerk] nor [the county treasurer] present[s] this matter to [the] Commissioners Court for [its] consideration and approval. In fact[,] the procedure totally bypasses [the] Commissioners Court.

*Id.* at 1–2. You suggest that the Frio County Auditor questions the legality of co-signing these warrants for supplemental compensation. *See id.* at 1.

In connection with these facts, you ask the following five questions:

> 1.  Whether the County Clerk may award additional compensation to each of her 3 deputies within her department from the Records Management [and Preservation] Fund fee collected under Section 118.0216[,] Local Government Code.

> 2.  If so, may the County Clerk pay this additional compensation without [the] Commissioners Court's approval and without any

---

[2]We need not consider subsections (c) and (e), which pertain only to counties adjacent to an international border. *See* TEX. LOC. GOV'T CODE ANN. § 118.0216(c), (e) (Vernon 2008). Frio County is not adjacent to an international boundary. *See* THE DALLAS MORNING NEWS, 2006–2007 TEXAS ALMANAC 224 (Sesquicentennial ed. 2006).

[3]As we indicate below, the county clerk's records management and preservation fund also receives a portion of a fee paid under Code of Criminal Procedure article 102.005(f)(2) by a defendant convicted in the county court. *See infra* pp. 7–8; *see also* TEX. CODE CRIM. PROC. ANN. art. 102.005(f)(2) (Vernon 2006).

consideration of time spent by each of the deputies in "some proportion" to the actual accomplishment of Records Management and Preservation purposes?

3.    What authority exists for the County Clerk to compensate her deputies with supplemental pay which amounts to more than the actual monthly salary earned by each individual deputy?

4.    Clarify which "salaries" may be paid to employees in the clerk's office as per Section 118.0216[,] Local Government Code. Did opinion No. GA-0118 apply to the salaries of all employees within the clerk's office or was it intended to apply to the salary of a particular deputy employed for the specific purpose of Records Management and Preservation?

[5.] If the Frio County Treasurer receives a request for extra compensation from the Frio County Clerk . . . [,] must the Frio County Treasurer present this matter to [the] Commissioners Court for their approval prior to making the disbursement?

*Id.* at 2–3.

You indicate that the County Clerk bases her request for records management and preservation funds on Attorney General Opinion GA-0118, a 2003 opinion that we will discuss before we answer your questions. *See id.* at 1. Opinion GA-0118 considers whether money from the county clerk's records management and preservation fund may be used to pay salaries in the county clerk's office. Tex. Att'y Gen. Op. No. GA-0118 (2003) at 2. GA-0118 concludes that "[p]aying the salaries of personnel in the clerk's office who accomplish specific records management and preservation purposes, other than filing and recording documents, is not excluded as a matter of law" from permissible uses of the county clerk's records management and preservation fund. *Id.* at 6. Nevertheless, the opinion cautions that "[r]ecords management and preservation fees may be used to pay an employee in the clerk's office only" in proportion to the amount of time that "the employee spends on 'specific records management and preservation, including automation purposes.'"[4] *Id.* at 6–7. Whether "a particular activity of a clerk's office accomplishes" a specific records management and preservation purpose "is a question requiring factual determinations and is beyond the scope of an attorney general opinion." *Id.* at 7.

---

[4]Attorney General Opinion GA-0118 suggests that the records management and preservation fund established by a county commissioners court under Local Government Code section 203.003(6) is the fund into which a county clerk deposits records management and preservation fees collected under sections 118.011(b)(2) and 118.0216 of the same code. *See* Tex. Att'y Gen. Op. No. GA-0118 (2003) at 6. As we discuss more fully below, however, fees collected by the county clerk under sections 118.011(b)(2) and 118.0216 are deposited into the county clerk's records management and preservation fund established by a county commissioners court under section 203.003(5). *See supra* p. 2; *see also* TEX. LOC. GOV'T CODE ANN. § 203.003(5) (Vernon 2008).

Attorney General Opinion GA-0118 further suggests that, under *Hooten v. Enriquez*, a 1993 decision of the El Paso court of appeals, the county clerk and the county commissioners court both play a role in making expenditures from the clerk's records management and preservation fund.[5] *See id.* at 8 (quoting *Hooten v. Enriquez*, 863 S.W.2d 522, 531 (Tex. App.—El Paso 1993, no writ); citing TEX. LOC. GOV'T CODE ANN. § 118.0216(d) (Vernon Supp. 2003); Tex. Att'y Gen. Op. No. DM-492 (1998) at 6). Under *Hooten*, the opinion states, "it is the county clerk's duty to designate 'exactly what constitutes'" a specific records management and preservation purpose, but—given the commissioners court's duty to approve in advance any expenditures from the clerk's records management and preservation fund—"the county clerk and the commissioners court both play 'a role' in determining" the specific records management and preservation purposes "for which the county will spend records management and preservation fees." *Id.* at 7–8 (quoting *Hooten*, 863 S.W.2d at 531; citing TEX. LOC. GOV'T CODE ANN. § 118.0216(d) (Vernon Supp. 2003); Tex. Att'y Gen. Op. No. DM-492 (1998) at 6); *see also* TEX. LOC. GOV'T CODE ANN. § 203.003(5) (Vernon 2008) ("The commissioners court . . . shall . . . approve in advance any expenditure from the fund . . . ."). We turn now to your questions.

Your first two questions ask whether a county clerk may "award additional compensation"[6] to her deputies using money from the county clerk's records management and preservation fund without commissioners court approval and without considering the proportion of time each deputy spends on specific records management and preservation purposes. *See* Request Letter, *supra* note 1, at 2. As this office opined in Opinion GA-0118, Local Government Code section 118.0216(d) does not prohibit paying deputies' salaries from the county clerk's records management and preservation fund to the extent that the deputies' work encompasses specific records management and preservation purposes. *See* TEX. LOC. GOV'T CODE ANN. § 118.0216(d) (Vernon 2008); Tex. Att'y Gen. Op. No. GA-0118 (2003) at 6. As we explain, however, the county clerk may not supplement the deputies' salaries that the county commissioners court has set in accordance with statutory budgeting procedures in the absence of (1) a commissioners court-approved bonus plan,

---

[5]A 1998 opinion, Attorney General Opinion DM-492, construes the majority and concurring opinions in *Hooten,* which consider the roles of the county clerk and the county commissioners court vis-à-vis expenditures from the county clerk's records management and preservation fund. *See* Tex. Att'y Gen. Op. No. DM-492 (1998) at 3–7; *see also Hooten*, 863 S.W.2d at 530–34; *id.* at 534 (Koehler, J. concurring). Opinion DM-492 summarizes the *Hooten* opinions as follows:

> *Hooten* indicates both that funds may not be allocated from a section 118.0216 account unless the commissioners court approves the expenditure and that a records management and preservation project may not be undertaken in the county clerk's office unless the county clerk approves it and directs his or her deputies to undertake it. Thus, as a practical matter, both the commissioners court and the county clerk must ultimately agree on the use of section 118.0216 monies.

Tex. Att'y Gen. Op. No. DM-492 (1998) at 6.

[6]Throughout your request letter, you refer to the additional compensation as an "award" of "additional compensation," "salary enhancements," "payroll supplements," "supplement check[s]," and "supplemental pay." Request Letter, *supra* note 1, at 1–2. By any term, we understand you to refer to compensation, in the form of a bonus or other supplement, additional to the amount that the commissioners court budgeted.

(2) a commissioners court-approved expenditure from the clerk's records management and preservation fund, and (3) a consideration of the proportional amount of time each deputy spends on specific records management and preservation purposes.

First, a county clerk has no statutory authority to set the amount of compensation, expenses, or allowance to be paid to the clerk's deputies. While a county clerk may appoint deputies after obtaining the approval of the commissioners court, it is the commissioners court that "shall set" the amount of compensation, expenses, and "other allowances" to be paid to the deputies. *See* TEX. LOC. GOV'T CODE ANN. §§ 82.005(a), 151.001–.004, 152.011 (Vernon 2008). A commissioners court order fixing the salaries of deputy clerks is effective until the commissioners court acts to change the salary, and the county clerk may not independently agree with deputies to set the salary at an amount different from that approved by the commissioners court. *See Md. Cas. Co. v. State*, 107 S.W.2d 865, 868 (Tex. 1937).

Second, under article III, section 53 of the Texas Constitution, employees may not be paid compensation additional to that budgeted for work already performed unless the commissioners court approved a bonus or supplement plan before the work was performed. *See* TEX. CONST. art. III, § 53; Tex. Att'y Gen. Op. Nos. GA-0562 (2007) at 3 n.5; GA-0492 (2006) at 2; JM-1253 (1990) at 2–3; *see also* Request Letter, *supra* note 1, at 2 (suggesting article III, section 53 implications). Article III, section 53 forbids a county to "grant[] any extra compensation, fee or allowance" to a public employee "after service has been rendered." TEX. CONST. art. III, § 53. You have not informed us that the county had in place a bonus or supplement plan at the time the deputies performed the work for which the county clerk is requesting additional compensation, but assuming the county had no such plan in place, the additional compensation violates article III, section 53.

And third, as your second question suggests,[7] the commissioners court must approve in advance any expenditure from the county clerk's records management and preservation fund, and the amount of the payment must be proportional to the amount of time spent on records management and preservation. *See* Request Letter, *supra* note 1, at 2. As Local Government Code section 203.003(5) requires, the commissioners court must "approve in advance any expenditures" from the "county clerk records management and preservation fund for fees subject to Section 118.0216." TEX. LOC. GOV'T CODE ANN. § 203.003(5) (Vernon 2008). Additionally, money from the county clerk's records management and preservation fund may pay "only that portion of an employee's salary that is proportional to the amount of time the employee spends on 'specific records management and preservation, including for automation purposes.'" Tex. Att'y Gen. Op. No. GA-0118 (2003) at 7 (quoting TEX. LOC. GOV'T CODE ANN. § 118.0216(d) (Vernon Supp. 2003)). Consequently, to answer your first and second questions, the county clerk may not pay additional compensation to her deputies unless (1) a county commissioners court-approved bonus plan was in place at the time the deputies performed the work; (2) the commissioners court approves the expenditure from the records management and preservation fund; and (3) the additional

---

[7]While you condition your second question upon an affirmative answer to your first question, it is necessary to answer it to fully answer your first and third questions. *See* Request Letter, *supra* note 1, at 2.

compensation is proportional to the amount of time each specific employee spends on specific management and preservation, including automation purposes.

You ask third whether the county clerk has authority "to compensate her deputies with supplemental pay" that amounts to more than the actual monthly salary earned by each individual deputy. Request Letter, *supra* note 1, at 2; *see supra* note 6 (explaining our understanding that you refer to compensation additional to that budgeted by the county commissioners court). As the answers to your first two questions suggest, the clerk has no authority to supplement the deputies' county-approved salaries unless the commissioners court had a bonus or supplement plan in place at the time the deputies performed the work for which the clerk is now attempting to compensate them and the commissioners court approved the expenditures as Local Government Code section 203.003(5) requires.

You ask fourth which salaries may be paid using money from the county clerk's records management and preservation fund. *See* Request Letter, *supra* note 1, at 3. In particular, you wish to know whether Attorney General Opinion GA-0118 applies "to the salaries of all employees within the clerk's office or . . . to the salary of a particular deputy employed for the specific purpose of Records Management and Preservation." *Id.*

Opinion GA-0118 concludes that money in the county clerk's records management and preservation fund may be used to pay an employee in the clerk's office "only to the extent that the employee's tasks further specific records management and preservation purposes." Tex. Att'y Gen. Op. No. GA-0118 (2003) at 6. While GA-0118 uses the singular term "employee," nothing in the opinion suggests that the use of the clerk's records management and preservation fund is limited to a single person employed specifically for records management and preservation purposes. And we realize that county clerks may delegate the tasks to be performed in the office in different ways. Some clerks, for example, may have specific designated personnel who perform all of the clerk's records management and preservation tasks, while other clerks may split the records management and preservation tasks among all of the clerk's employees. Opinion GA-0118 explains that the records management and preservation fund may not be used to supplement salaries of the clerk's office generally, without regard to the tasks the employees actually perform. *Id.* But the fund may be used to pay that portion of the salaries of any and all employees in the clerk's office who perform tasks that "further specific records management and preservation purposes" that is proportional to the amount of time the employee spends on such tasks. *Id.*

Finally with respect to the use of the county clerk's records management and preservation fund for salary supplements, you ask whether, if the county treasurer receives a request for supplements from the county clerk, the treasurer must present the matter to the commissioners court for the court's approval. *See* Request Letter, *supra* note 1, at 3. A county treasurer must pay claims against the county "as the commissioners court may require or direct." Tex. Loc. Gov't Code Ann. § 113.041(a) (Vernon 2008). No claim against the county may be paid without the commissioners court's approval. *See id.* § 115.021; *Crider v. Cox*, 960 S.W.2d 703, 706 (Tex. App.—Tyler 1997, writ denied) (stating that, in a county with an auditor, both the auditor and the commissioners court are required to separately examine and decide whether to approve each claim against county funds);

*see also* Tex. Att'y Gen. Op. No. JC-0307 (2000) at 8 ("Approval of a claim, invoice, or bill by the commissioners court for payment is an official act of the court that must take place at a meeting held under the" Open Meetings Act.). Consequently, when the county treasurer receives a request for an expenditure from the county clerk's records management and preservation fund, the treasurer must present it to the commissioners court for approval. *See* TEX. LOC. GOV'T CODE ANN. § 113.041(d) (Vernon 2008). Of course, before the commissioners court may approve the expenditure, the county auditor must have approved it. *See id.* § 113.064(a).

## II.     Records Management and Preservation Fees Collected Under Code of Criminal Procedure Article 102.005

Your remaining three questions concern the records management and preservation fee collected from a criminal defendant under Code of Criminal Procedure article 102.005. *See* Request Letter, *supra* note 1, at 3; *see also* TEX. CODE CRIM. PROC. ANN. art. 102.005(f) (Vernon 2006). As amended in 2005, article 102.005(f)–(h) provides:

> (f) A defendant convicted of an offense in a county court, a county court at law, or a district court shall pay a fee of $25 for records management and preservation services performed by the county as required by Chapter 203, Local Government Code. The fee shall be collected and distributed by the clerk of the court to the county treasurer, or to an official who discharges the duties commonly delegated to the county treasurer, for deposit as follows:

> (1) $22.50 to the county records management and preservation fund for records management and preservation, including automation, in various county offices; and

> (2) $2.50 to the records management and preservation fund of the clerk of the court for records management and preservation services performed by the clerk of the court.

> (g) A fee deposited in accordance with Subsection (f) may be used only to provide funds for specific records management and preservation, including for automation purposes, on approval by the commissioners court of a budget as provided by Chapter 111, Local Government Code.

> (h) An expenditure from a records management and preservation fund must comply with Subchapter C, Chapter 262, Local Government Code [(County Purchasing Act)].

TEX. CODE CRIM. PROC. ANN. art. 102.005(f)–(h) (Vernon 2006) (footnote omitted). Thus, the fee collected under article 102.005(f) is split, with $22.50 going to the county's records management and

preservation fund established under Local Government Code section 203.003(6)[8] and $2.50 going to the records management and preservation fund of the clerk of the court in which the defendant has been convicted—either the county clerk's records management and preservation fund established under Local Government Code section 203.003(5) or the district clerk's records management and preservation fund recognized by Government Code section 51.317(c)(2). *See id.* art. 102.005(f); TEX. LOC. GOV'T CODE ANN. § 203.003(5) (Vernon 2008); TEX. GOV'T CODE ANN. § 51.317(c)(2), (d)–(e) (Vernon Supp. 2007).

You state that the county clerk in your county has been collecting the fee authorized by article 102.005(f) and "depositing all into the County Clerk's Records Management [and Preservation] Fund." Request Letter, *supra* note 1, at 2. You add that the salary supplements we considered in Part I "have been paid out of" this fund. You therefore ask:

[1.] Is the Frio County Clerk entitled to use the $2.50 fee collected under [article] 102.005 . . . and deposited into the County Clerk's Records Management [and Preservation] Fund to pay salaries to her deputies as authorized under GA-0118?

[2.] What was the breakdown for Records Management [and Preservation fees under article] 102.005 . . . prior to [its amendment in 2005?]

[3.] Whether the County Clerk is entitled to collect the $25.00 Records Management [and Preservation] Fund fee authorized by [article 102.005] from defendants who have their case dismissed?

*Id.* at 3.

In answer to your first question, we conclude that the county clerk may use the $2.50 fee collected from defendants convicted of an offense in county court or county court at law for any purpose for which the clerk may use fees collected under Local Government Code sections

---

[8]Section 203.003(6) of the Local Government Code specifically requires a commissioners court to establish a "records management and preservation fund for records management and preservation fees authorized under . . . Article 102.005(d), Code of Criminal Procedure," among other statutes. TEX. LOC. GOV'T CODE ANN. § 203.003(6) (Vernon 2008). Article 102.005(d) does not authorize the collection of records management and preservation fees, however; rather, it pertains to fees for issuing certified or noncertified copies. *See* TEX. CODE CRIM. PROC. ANN. art. 102.005(d) (Vernon 2006). Article 102.005(f), by contrast, pertains to the collection and distribution of a records management and preservation fee. *See id.* art. 102.005(f). Section 203.003(6)'s reference to article 102.005(d) was adopted in 1993 as part of the same bill that adopted, as article 102.005(d), the substance now found in subarticle (f). *See* Act of May 30, 1993, 73d Leg., R.S., ch. 675, §§ 4, 6, 1993 Tex. Gen. Laws 2506, 2508–09. The substance of the original article 102.005(d) was moved to subarticle (f) in 1995. *See* Act of May 27, 1995, 74th Leg., R.S., ch. 764, § 1, 1995 Tex. Gen. Laws 3969, 3969–70. The Legislature has not amended section 203.003(6) to now refer to article 102.005(f), but given section 203.003(6)'s express reference to records management and preservation fees, we construe section 203.003(6) to refer to such fees authorized under article 102.005(f). *See* TEX. LOC. GOV'T CODE ANN. § 203.003(6) (Vernon 2008).

118.011(b)(2) and 118.0216, including salaries. Article 102.005(f)(2) directs that the fee be deposited into the clerk's records management and preservation fund. TEX. CODE CRIM. PROC. ANN. art. 102.005(f)(2) (Vernon 2006). Article 102.005(g) authorizes the use of fees collected under that article for "specific records management and preservation, including for automation purposes," which is identical to the use that Local Government Code section 118.0216(d) authorizes. *Compare id.* art. 102.005(g), *with* TEX. LOC. GOV'T CODE ANN. § 118.0216(d) (Vernon 2008). Of course, the use of the $2.50 fee deposited into a county clerk's records management and preservation fund under article 102.005(f)(2) of the Code of Criminal Procedure is subject to the same limitations and conditions as are other monies in that fund. Thus, as Part I of this opinion points out, the county clerk has no authority to supplement her deputies' salaries outside of the normal county process for setting employee salaries. *See* TEX. LOC. GOV'T CODE ANN. § 152.011 (Vernon 2008) ("The commissioners court . . . shall set the amount of the compensation, . . . expenses, and all other allowances for county . . . employees who are paid wholly from county funds."); *supra* p. 5 (discussing the idea that the commissioners court sets employees' compensation). Nor may the county clerk award bonuses or supplements to her employees unless the county had in place a bonus plan at the time the employees performed the work for which they are now receiving bonuses. *See* TEX. CONST. art. III, § 53; *supra* p. 5 (discussing article III, section 53 of the Texas Constitution). The amount of the supplements must be proportional to the amount of time the employee spent on records management and preservation. *See* Tex. Att'y Gen. Op. No. GA-0118 (2003) at 7; *supra* p. 5. And the county clerk may not expend money from the clerk's records management and preservation fund without first obtaining the commissioners court's approval. *See* TEX. CODE CRIM. PROC. ANN. art. 102.005(g) (Vernon 2006); TEX. LOC. GOV'T CODE ANN. § 203.003(5) (Vernon 2008); *supra* p. 5 (discussing the commissioners court's approval power).

Your second question requires us to consider the distribution of the fee collected under article 102.005(f) before June 17, 2005, the effective date of legislative amendments to the article. *See* Request Letter, *supra* note 1, at 3; Act of May 28, 2005, 79th Leg., R.S., ch. 804, § 2, 2005 Tex. Gen. Laws 2775, 2775–76. Prior to amendment in 2005, article 102.005(f) required a $20 fee for records management and preservation to be distributed "in the same manner as fees are collected and distributed under Section 51.317(c), Government Code." TEX. CODE CRIM. PROC. ANN. art. 102.005(f), *amended by* Act of May 28, 2005, 79th Leg., R.S., ch. 804, § 2, 2005 Tex. Gen. Laws 2775, 2775–76. At that time, however, Government Code section 51.317(b)(4) authorized a district clerk to collect upon the filing of a suit or an action a $10 fee for records management and preservation, and subsection (c) directed that the $10 fee be evenly split between the county's fund for records management and preservation in various county offices and the district clerk's records management and preservation fund:

> (1) $5 to the county records management and preservation fund for records management and preservation, including automation, in various county offices; and

> (2) $5 to the district clerk records management and preservation fund for records management and preservation services

> performed by the district clerk after a document is filed in the records office of the district clerk.

Act of May 28, 2003, 78th Leg., R.S., ch. 1080, § 1, 2003 Tex. Gen. Laws 3103, 3104. From September 1, 2003—the effective date of amendments to section 51.317 that split a $10 fee between the county records management and preservation fund and the district clerk records management and preservation fund—through June 17, 2005—the effective date of the amendments to article 102.005(f)—there was thus a discrepancy between the amount of the fee collected under article 102.005, Code of Criminal Procedure—$20—and the distribution formula set forth under section 51.317(c), Government Code—which totaled $10.[9] We must determine how the additional $10 collected under article 102.005 should have been distributed between September 1, 2003 and June 17, 2005.

Our primary goal in construing the statutes at issue is to effectuate the Legislature's intent. *See In re Canales*, 52 S.W.3d 698, 702 (Tex. 2001); *see also Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999) (stating that a court should not construe a "specific, unambiguous" statute "to mean something other than the plain words say unless there is an obvious error such as a typographical one that resulted in the omission of a word . . . or application of the literal language of a legislative enactment would produce an absurd result" (citing *City of Amarillo v. Martin*, 971 S.W.2d 426, 428 n.1 (Tex. 1998)). A statute's plain language typically is the best indicator of legislative intent. *Sembera v. Petrofac Tyler, Inc.*, No. 12-06-00373-CV, 2008 WL 788418, *8 (Tex. App.—Tyler Mar. 26, 2008, no pet. h.); *see also City of Rockwall v. Hughes*, 246 S.W.3d 621, 628 (Tex. 2008) ("[O]rdinary citizens [should be] able 'to rely on the plain language of a statute to mean what it says.'" (quoting *Fitzgerald v. Advanced Spine Fixation Sys.*, 996 S.W.2d 864, 866 (Tex.1999)). "When a statute's language is clear and unambiguous, it is inappropriate to resort to rules of construction or extrinsic aids to construe the language." *City of Rockwall*, 246 S.W.3d at 626 (citing *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997); *Ex parte Roloff*, 510 S.W.2d 913, 915 (Tex. 1974)). And a court may consider a statute's legislative

---

[9]As article 102.005 was originally adopted in 1993, it provided for the collection of a $10 fee "for records management and preservation services." *See* Act of May 30, 1993, 73d Leg., R.S., ch. 675, § 6, 1993 Tex. Gen. Laws 2506, 2508–09. The fee was raised to $20 in 1999 without amending the distribution formula in Government Code section 51.317(c). *See* Act of May 26, 1999, 76th Leg., R.S., ch. 1031, § 1, 1999 Tex. Gen. Laws 3827, 3827.

When article 102.005 was originally adopted in 1993, Government Code section 51.317(c) required the officer collecting the records management and preservation fee under article 102.005 to pay it to the county treasurer "for deposit in the records management and preservation fund." Act of May 30, 1993, 73d Leg., R.S., ch. 675, § 5, 1993 Tex. Gen. Laws 2506, 2508. The Legislature amended section 51.317(c) in 2003 to split the fee between the county records management and preservation fund and the district clerk records management and preservation fund. *See* Act of May 28, 2003, 78th Leg., R.S., ch. 1080, § 1, 2003 Tex. Gen. Laws 3103, 3104. Records management and preservation fees collected under article 102.005 before September 1, 2003, when the 2003 amendments to Government Code section 51.317(c) took effect, would be subject to the version of section 51.317(c) in effect at that time, and thus should have been paid to the county treasurer "for deposit in the records management and preservation fund." Act of May 30, 1993, 73d Leg., R.S., ch. 675, § 5, 1993 Tex. Gen. Laws 2506, 2508; *see also* FISCAL NOTE, Tex. H.B. 1905, 78th Leg., R.S. (2003) (stating that, under the law before Government Code section 51.317(c) was amended, "the fees collected under [section 51.317] are deposited into a county Records Management and Preservation Fund").

history even if the statute is not ambiguous. *See id.* at 626 n.6 (citing TEX. GOV'T CODE ANN. § 311.023(3) (Vernon 2005)).

On its face, Government Code section 51.317(c) splits the fee evenly between the county's records management and preservation fund and the district clerk's records management and preservation fund, although the statute does not expressly state that half of the fee is to be distributed to the county's records management and preservation fund and half to the district clerk's records management and preservation fund. In hearings on the 2003 bill amending Government Code section 51.317(c), a member of the House Committee on Judicial Affairs expressed concern about "lopsiding" the division of the fee in favor of the district clerk, and Senator Gallegos, who spoke on the bill before the Senate Committee on Intergovernmental Relations, stated that, under the bill, the fee would be "allocated equally between the district clerk's records management and preservation fund and the county clerk's management and preservation fund. *Hearings on Tex. H.B. 1905 Before the House Comm. on Judicial Affairs*, 78th Leg., R.S. (Apr. 22, 2003) (statements of Representative Hartnett) (tape available from House Video/Audio Services); *Hearings on Tex. S.B. 1905 Before the Senate Comm. on Intergov'tl Relations*, 78th Leg., R.S. (May 22, 2003) (statement of Senator Gallegos) (tape available from Senate Staff Services Office). Construing section 51.317(c) to require the fee to be split evenly between the two funds is thus consistent with the statutory language and the legislative intent.

Accordingly, we construe article 102.005(f) and section 51.317(c) to split the $20 fee collected under article 102.005(f) from September 1, 2003, through June 17, 2005, evenly between the county's records management and preservation fund established under Local Government Code section 203.003(6) and the district clerk's records management and preservation fund. During this time period, one-half of the fee, or $10, was to be deposited into the county's records management and preservation fund and the other half, or $10, was to be deposited into the district clerk's records management and preservation fund. The county clerk had no authority to deposit any portion of the fee into the county clerk's records management and preservation fund until June 17, 2005, the effective date of the amendments to article 102.005. *See* Act of May 28, 2005, 79th Leg., R.S., ch. 804, § 2, 2005 Tex. Gen. Laws 2775, 2775–76; *see also id.* §§ 8, 9 at 2777 (stating that the amendments apply only to a fee that becomes payable on or after the act became effective on signing by the Governor); *see also supra* note 9 (summarizing the disposition of the fee collected under article 102.005 before September 1, 2003).

You ask finally whether the county clerk may collect the records management and preservation fee authorized by Code of Criminal Procedure article 102.005(f) from a defendant whose case has been dismissed. *See* Request Letter, *supra* note 1, at 3; *see also* TEX. CODE CRIM. PROC. ANN. art. 102.005(f) (Vernon 2006). Article 102.005(f) directs a clerk to collect a records management and preservation fee from "[a] defendant convicted of an offense." TEX. CODE CRIM. PROC. ANN. art. 102.005(f) (Vernon 2006). Article 102.005(b) sets out the meaning of "[a] defendant convicted of an offense":

In this article, a person is considered convicted if:

(1)  a sentence is imposed on the person;

> (2)  the person receives community supervision, including deferred adjudication; or
>
> (3)  the court defers final disposition of the person's case.

*Id.* art. 102.005(b).

Because a defendant whose case is dismissed is not listed in article 102.005(b) as a person who is considered to be convicted, we must conclude that the clerk may not collect a records management and preservation fee from such a defendant.

## S U M M A R Y

A county clerk may expend money in the county clerk's records management and preservation fund to pay deputies' salaries, but only subject to the following conditions:  First, a county clerk may not supplement salaries the county commissioners court has set in accordance with statutory budgeting procedures unless the county had in place, at the time the deputies were performing the work for which the clerk seeks to compensate them, a bonus or supplement plan.  In addition, a county clerk may not supplement her deputies' salaries from the clerk's records management and preservation fund without the prior approval of the commissioners court and without considering whether the supplement is proportional to the amount of time each employee spends on specific management and preservation, including automation purposes. The county clerk's records management and preservation fund may be used to pay that portion of the salaries of any and all employees in the clerk's office who perform tasks that further specific records management and preservation purposes.

If the county treasurer receives a request from the county clerk for money from the clerk's records management and preservation fund to supplement salaries of deputies in the clerk's office, the treasurer must ensure that the claim is first approved by the county auditor and then by the commissioners court.

A county clerk may use the $2.50 records management and preservation fee collected under Code of Criminal Procedure article 102.005(f) from defendants convicted of an offense in county court or county court at law for any purpose for which the clerk may use fees collected under Local Government Code sections 118.011(b)(2) and 118.0216.  The use of the fee is subject to the conditions set out above.

Between September 1, 2003, and June 17, 2005, the records management and preservation fee collected under Code of Criminal Procedure article 102.005 was to be evenly split between the county's records management and preservation fund established under Local Government Code section 203.003(6) and the district clerk's records management and preservation fund, with $10 going to each fund. The county clerk's records management and preservation fund was not at that time authorized to receive any portion of the fee collected under article 102.005.

A county clerk may not collect a records management and preservation fee under article 102.005(f) from a defendant whose case has been dismissed.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee